IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JACQUELINE M. WHALEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12CV00032 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES LARRY RUTHERFORD, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

On July 26, 2013, the court entered judgment in favor of the defendant on the plaintiff's remaining claim of fraudulent concealment. The case is now before the court on the defendant's request for an award of costs in the amount of $2,519.86. The court held a hearing on the matter on August 19, 2013. For the reasons stated during the hearing, and for those set forth below, the defendant's request will be granted in part and denied in part.

Prevailing parties are entitled to move for an award of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994). The taxation of costs is limited, however, to the items enumerated in 28 U.S.C. § 1920, which include, as relevant here, "[f]ees of the clerk and marshal" and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

In this case, the costs requested by the defendant can be divided into three categories. The first category includes $140.00 in fees paid to a private process server. Such fees are not included in the list of taxable costs set forth in § 1920. Instead, § 1920(1) only refers to the "[f]ees of the clerk and marshal." While some courts have interpreted this provision to include fees for private

process servers,* this court is constrained to apply the statute as written. "Because the plain language of § 1920(1) does not expressly allow for the recovery of private process fees," the court declines to tax those fees in this case. Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *12 (W.D. Va. Sept. 28, 2010); see also Kelley v. Little Charlie's Auto Sales, No. 4:04CV00083, 2006 U.S. Dist. LEXIS 59171, at *7 (W.D. Va. Aug. 22, 2006) ("[T]he plain language of § 1920(1) only applies to fees paid to the clerk and marshal. Because the language of § 1920(1) is clear and unambiguous on its face, I am loath to read anything additional into the statute.").

The second category of expenses for which the defendant seeks reimbursement includes the fees for obtaining certain deposition transcripts. For the reasons stated during the hearing, the court declines to tax the costs of obtaining the transcripts of the depositions of Shelley Rutherford and Elizabeth Sinsel. However, the costs of obtaining the transcripts of the depositions of the plaintiff, the defendant, and Doris Alderfer will be taxed against the plaintiff.

The final category of expenses includes the costs of ordering (1) an expedited transcript of a motions hearing held on September 7, 2012; (2) copies of expedited transcripts of the trial testimony of the defendant and Jodie Bakes; and (3) expedited transcripts of the plaintiff's rebuttal testimony and the legal arguments of counsel following the close of evidence at trial. As this court previously recognized, "[c]ourts in the Fourth Circuit have held that costs for expedited production are allowable when the recovering party can show necessity for the expedited service." Nigro v. Va. Commonwealth Univ. Med. College of Va., No. 5:09CV00064, 2012 U.S. Dist. LEXIS 156184, at *6 (W.D. Va. Oct. 31, 2012) (quoting Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 562 (E.D. Va. 2010)). Applying this standard, the defendant's request will be granted

---

* See Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *10-11 (W.D. Va. Sept. 28, 2010) (recognizing that "[w]hile the Fourth Circuit has not addressed the issue, other courts are split on whether this provision may be read to include fees for private process servers").

with respect to the trial transcripts, since the expedited service appears necessary.  However, the court declines to tax the cost of ordering an expedited transcript of the September 7, 2012 motions hearing, since the transcript was not ordered until 18 days after the hearing, and the defendant subsequently requested and received an extension of time to respond to the plaintiff's amended complaint.  Reimbursement for this transcript will be limited to the ordinary rate of $3.65 per page.

In accordance with the rulings set forth above, the court will reduce the defendant's bill of costs by $998.20.  The remaining expenses outlined in the defendant's bill of costs, totaling $1,521.66, will be taxed against the plaintiff.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 10th day of October, 2013.

                                                   /s/   Glen E. Conrad
                                        Chief United States District Judge